ON MOTION FOR REHEARING

KLEIN, J.
We grant appellant’s motion for rehearing, withdraw our opinion filed on December 2, 1998 and substitute the following opinion.
Appellant was provided worker’s compensation insurance coverage by -appellee Hartford with the premium to be calculated based on a formula known as an “incurred loss retrospective ratings plan.” Incurred losses are those losses actually paid by the insurer. To calculate the retrospective premium there would be periodic audits of the claims, and the insured would either be charged an additional premium or receive a credit. In this appeal, the insured argues that because Hartford had destroyed many of the individual claim files, the trial court erred in allowing Hartford to recover retrospective premiums from the insured.
Although it is true that Hartford did destroy many of the files, there was evidence *1259 reflecting that the vast majority of these files were not involved in calculating the retrospective premiums. In addition, Hartford presented evidence that it was its standard operating procedure to destroy files such as these after a certain period of time had elapsed, but that Hartford retained the information from these destroyed files in its computers so as to be able to calculate the retrospective premiums.
While the appellant presented evidence that the information retained by Hartford was insufficient to substantiate Hartford’s claim, that evidence was disputed by Hartford. We find competent substantial evidence to support the trial court’s finding in favor of Hartford.
We do agree with the appellant that the trial court erred in awarding Hartford attorney’s fees, which Hartford never sought, and for which there was no contractual or statutory basis. We ■ have considered the other issues raised by the insured and find them to be without merit. Affirmed in part and reversed in part.
WARNER, J., and OWEN, WILLIAM C., Jr., Senior Judge, concur.